**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

LESLIE BARDT,

    Plaintiff,

v.

DELRAY EYE ASSOCIATES, P.A.,
a Florida Corporation, and
EYECARE SERVICES PARTNERS
MANAGEMENT, LLC, a foreign corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, LESLIE BARDT (hereinafter, "Bardt" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, DELRAY EYE ASSOCIATES, P.A, ("DEA") and EYECARE SERVICES PARTNERS MANAGEMENT, LLC, (ESPM) (collectively "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et. seq., and the Florida Statute §440.205.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Pompano Beach, Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an operations director in its Delray office. Plaintiff was therefore an "employee" as defined by Florida Statutes § 440.02(15)(a).

6. Defendant DEA is a Florida Corporation registered to do business within Florida and has its primary location in Delray Beach, Palm Beach County. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Defendant DEA was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

7. DEA is a professional corporation performing work in the fields of ophthalmology and optometry in the State of Florida.

8. Defendant ESPM is a Delaware Corporation registered to do business within Florida and has its primary location in Delray Beach, Palm Beach County. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Defendant ESPM was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

9. Defendant ESPM, from best knowledge and belief, is the payroll company through which Plaintiff was compensated.

10. Defendants, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2020, and therefore is/are a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

11. By June 2020, Plaintiff had been employed by Defendants for over 12 months, and he had performed at least 1,250 hours of service for Defendants during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

12. Plaintiff worked for Defendants, most recently as an operations director, from 1993 until her termination on September 17, 2020.

13. On or about August 18, 2020, Plaintiff was injured on the job, and promptly reported the injury to her supervisor, regional vice president Bree Smith.

14. The nature of the injury was ultimately determined to be a torn rotator cuff.

15. At the direction of her supervisor, Plaintiff continued to work through the pain of her injury. Ultimately her condition worsened, and a formal incident report and workers compensation claim was submitted on September 14, 2020.

16. Plaintiff was terminated three days later on September 17, 2020.

17. The reason provided for the termination was that Plaintiff was the wrong person for the position.

18. Prior to Plaintiff's official notification of her workplace injury, Plaintiff was unaware of any performance deficiencies and she had never been previously disciplined in the twenty-seven (27) years of her employment.

19. There is no legal, non-discriminatory reason for Defendants' decision to terminate Plaintiff. Further, Defendants interfered with Plaintiff's exercise of her FMLA rights, by failing to advise Plaintiff of her right to take FMLA leave to the extent necessary to treat her injury, if for some reason Defendants was contesting that the injury would not be covered under workers compensation laws.

20. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay a reasonable fee for its services.

21. Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party in this action.

## COUNT I: VIOLATION OF THE FMLA
## (INTERFERENCE)

22. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

23. Plaintiff was eligible for FMLA leave to treat her physical injury pursuant to 29 U.S.C. § 2612(a)(1)(A).

24. Defendants are covered employers as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendants employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

25. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to her position.

26. Defendants had an obligation to inform Plaintiff of her right to take FMLA leave.

27. Defendants instead terminated Plaintiff upon receipt of her injury report.

28. As a direct result of her termination, Plaintiff has suffered lost wages.

29. Defendants, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its supervisors.

30. Defendants' conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

31. Plaintiff has retained the services of the undersigned firm and is obligated to pay attorney's fees should she recover damages from Defendants.

32. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff LESLIE BARDT requests judgment for:

    a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e. Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF WORKERS' COMPENSATION LAWS

33. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

34. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

35. In August 2020, Plaintiff suffered an on the job injury and immediately reported the injury to her supervisor, the regional vice president.

36. Plaintiff timely sought workers' compensation benefits in accordance with the provisions of the Workers' Compensation Law.

37. Within a month after Plaintiff sought workers' compensation benefits, and three (3) days after the filing of the formal incident report, Plaintiff was terminated.

38. Defendants terminated Plaintiff because of her valid claim for compensation under the Workers' Compensation Law. Plaintiff's valid claim for compensation was, at minimum, a

motivating factor in Defendants' decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

39.     Plaintiff's work record with Defendants prior to her seeking workers' compensation benefits was satisfactory.

40.     Plaintiff, based on information and belief, alleges that Defendants' actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendants, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendants in a sum according to proof at trial.

41.     The purported reason for Plaintiff's discharge given by Defendants is pretextual.

WHEREFORE, Plaintiff LESLIE BARDT requests judgment for:

a) Plaintiff's lost wages and/or benefits as a result of her termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on the amount found due;

d) Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action as permitted by Florida statutes;

Such other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, LESLIE BARDT, hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: April 22, 2021.

|      | LAW OFFICES OF CHARLES EISS, P.L.<br>Attorneys for Plaintiff<br>7951 SW 6th Street, Suite 112<br>Plantation, Florida 33324<br>(954) 914-7890 (Office)<br>(855) 423-5298 (Facsimile) |
|------|---|
| By:  | /s/ Charles M. Eiss<br>CHARLES M. EISS, Esq.<br>Fla. Bar #612073<br>chuck@icelawfirm.com<br>Shanna Wall, Esq.<br>Fla. Bar #0051672<br>shanna@icelawfirm.com |